SAMUEL D. JUBELIRER (SBN 287649)
samuel.jubelirer@dentons.com
DENTONS US LLP
1999 Harrison Street
Suite 1210
Oakland, CA 94612-4709
Telephone:  415 882 5000
Facsimile:  415 882 0300

Attorneys for Plaintiffs
BROADCAST MUSIC, INC., as agent for Broadcast Music, LLC; BEECHWOOD MUSIC CORPORATION; SONY/ATV SONGS LLC d/b/a SONY/ATV ACUFF ROSE MUSIC; SONY/ATV SONGS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC., as agent for Broadcast Music, LLC; BEECHWOOD MUSIC CORPORATION; SONY/ATV SONGS LLC d/b/a SONY/ATV ACUFF ROSE MUSIC; SONY/ATV SONGS LLC; BEANLY, INC. d/b/a BEANLY SONGS,<br><br>Plaintiffs,<br><br>v.<br><br>AVENUE ULTRA LOUNGE LLC d/b/a AVE ON THE MILE and KEVIN HERNANDEZ and KURSTIE SUR, each individually,<br><br>Defendants. | Civil Case No.<br><br>**COMPLAINT** |

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

## JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of Delaware. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI, as the attorney-in-fact for Broadcast Music, LLC, has been granted the right to license the public performance rights in 22.4 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Beechwood Music Corporation is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

6. Plaintiff Sony/ATV Songs LLC is a limited liability company doing business as Sony/ATV Acuff Rose Music. This Plaintiff is a copyright owner of at least one of the songs in this matter.

7. Plaintiff Sony/ATV Songs LLC is a limited liability company. This Plaintiff is a copyright owner of at least one of the songs in this matter.

8. Plaintiff Beanly, Inc. is a corporation doing business as Beanly Songs. This Plaintiff is a copyright owner of at least one of the songs in this matter.

9. Defendant Avenue Ultra Lounge, LLC is a limited liability company organized and existing under the laws of the state of California, which operates, maintains and controls an establishment known as AVE On The Mile, located at 2333 Pacific Street, Stockton, CA 95204, in this district (the "Establishment").

10. In connection with the operation of the Establishment, Avenue Ultra Lounge LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

11. Defendant Avenue Ultra Lounge LLC has a direct financial interest in the Establishment.

12. Defendant Kevin Hernandez is a managing member of Defendant Avenue Ultra Lounge LLC, with responsibility for the operation and management of that limited liability company and the Establishment.

13. Defendant Kevin Hernandez has the right and ability to supervise the activities of Defendant Avenue Ultra Lounge LLC and a direct financial interest in that LLC and in the Establishment.

14. Defendant Kurstie Sur is a managing member of Defendant Avenue Ultra Lounge LLC, with responsibility for the operation and management of that limited liability company and the Establishment.

15. Defendant Kurstie Sur has the right and ability to supervise the activities of Defendant Avenue Ultra Lounge LLC and a direct financial interest in that LLC and in the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

16. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 15.

17. Since December 2022, BMI has reached out to Defendants over sixty (60) times, by phone, mail, and email, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

18. Plaintiffs allege three (3) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

19. Annexed to this Complaint as Exhibit A and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants (the "Schedule"). The Schedule contains information on the three (3) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

20. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

21. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

22. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

23. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

24. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. §504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. § 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

Dated: April 1, 2025

DENTONS US LLP

By     */s/ Samuel D. Jubelirer*
          Samuel D. Jubelirer

*Attorney for Plaintiffs*
BROADCAST MUSIC, INC., as agent for Broadcast Music, LLC; BEECHWOOD MUSIC CORPORATION; SONY/ATV SONGS LLC d/b/a SONY/ATV ACUFF ROSE MUSIC; SONY/ATV SONGS

# EXHIBIT A

# *Schedule*

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | Another One Bites The Dust |
| Line 3 | Writer(s) | John Deacon |
| Line 4 | Publisher Plaintiff(s) | Beechwood Music Corporation |
| Line 5 | Date(s) of Registration | 7/3/80 |
| Line 6 | Registration No(s). | PA 73-494 |
| Line 7 | Date(s) of Infringement | 8/14/24 |
| Line 8 | Place of Infringement | AVE On The Mile |

| | | |
|---|---|---|
| Line 1 | Claim No. | 2 |
| Line 2 | Musical Composition | Walkin' After Midnight |
| Line 3 | Writer(s) | Don Hecht; Allen Block |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC d/b/a Sony/ATV Acuff Rose Music |
| Line 5 | Date(s) of Registration | 1/18/84 |
| Line 6 | Registration No(s). | RE 197-554 |
| Line 7 | Date(s) of Infringement | 8/14/24 |
| Line 8 | Place of Infringement | AVE On The Mile |

| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | Don't Know Why |
| Line 3 | Writer(s) | Jesse Harris |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC; Beanly, Inc. d/b/a Beanly Songs |
| Line 5 | Date(s) of Registration | 6/4/02 |
| Line 6 | Registration No(s). | PA 1-090-405 |
| Line 7 | Date(s) of Infringement | 8/14/24 |
| Line 8 | Place of Infringement | AVE On The Mile |